Please call the first case. Helen Martin v. Workers' Compensation Comm'n, 4-12-0091. Counsel, you may proceed. Good morning, your honors. May it please the court, my name is Warren Danson, and I'm here to offer my arguments on behalf of my client, Helen Martin, to claimant in this case. In this case, the commission had denied that there was an accident arising in the course of employment that caused the injuries to Ms. Martin in the form of a ruptured intestine or tear of the colon. Briefly, the facts of the cases. Claimant Martin was a 59-year-old lady, 5-foot-2 inches tall, weighed 110 pounds. She was a team driver with her son, Richard, on these semi-over-the-road trucks. On November 13, 1993, she was attempting to unload a trailer with an 80,000-pound load, which would require 90 pounds of pressure to pull on a hook to release the pin. And as she was pulling on this hook to release the pin against the wheel of the semi, it broke loose, causing her to fall 5-10 feet back, flat on her buttocks, with her legs extended. At the time she hit the ground with tremendous force, she immediately realized severe pain in the lower abdomen area and the pelvic area. She was sitting in a position with her buttocks which took the full impact of the force, and the pain went straight into her intestines. Now, it took time for her to get up. Her son, Richard, was in the semi. She crawled over to him. She was crying for help. He finally put her in the sleeper of the truck cab, and they began their drive from Oshkosh, Wisconsin to California. She thought maybe she just bruised herself and so on and so forth, and that she would get better. She laid down, and she was in a fetal position in the back of the truck. The pain never went away. It was excruciating pain all the way. When she got out to Wyoming, her son said, I can no longer drive. You have to drive a little bit. And she said, I'll try. She drove for less than two hours, and she nearly passed out. They had to pull the semi over. Her son had to call 911 to go to an emergency room, which they went in at Livingston Hospital in Wyoming. They took her in. She was delirious. Peritonitis had set in from the intestine rupture. Counsel, there's no dispute here in this case by anybody that the claimant suffered a serious condition, perforated diverticulitis or peritonitis. She got there. She was operated on. Colostomy was performed. Nobody's disputing that, correct? I understand that, but I only bring this up because the summary of what I'm going to argue is the fact that the facts in this case are so strong that it's evident that there is a causal connection. Well, the case, I think, with all due respect, turned on the medical opinion. Yes, and I'll go into that. Let me move on into that. We presented the evidence of Dr. Barry Fisher, who said there was a causal connection from two points. Number one, that the trauma caused the tear of the intestine, or number two, the trauma caused abdominal pressure, which led to the perforation and led to the tear, which may have also been partially the result of diverticulitis. Now, here's the causal connection on the other side. Dr. Pruitt, in answer to your question, gave the testimony that, well, this is not related. And I understand that the rules that we have to overcome is the fact that, as cited, that the appellate court has not moved easily to change a decision on a factual question, but it will not hesitate to do so with a clearly evident, plain and indisputable way that the evidence compels an apparent opposite. I want to understand something. Dr. Pruitt is a general surgeon who has seen one or two patients per month with perforated diverticulitis. Barry Lake Fisher has never, ever operated on anyone with diverticulitis, and his license was under suspension for unprofessional conduct at the time he testified for you. Could you see that as a basis for why the commission didn't believe him? Well, let's take a look at the Holton-Grant case, which was in the record. Holton-Grant was a case cited by the commission when they awarded the same identical facts. Twenty percent of the men found it compensable when Dr. Barry Fisher testified to the same identical facts. In that case, Mr. Grant lifted a 50- to 75-pound bag, and he suffered a tear of the intestine, which two days later had to go in for the... You don't think that says something as to who the commissioners were in that case compared to who the commissioners were in this case? I'm not sure, but here's the rule that they cited that I want to emphasize. In the Grant case, they relied on Cook v. Industrial Commission. In that rule, the Illinois Appellate Court in that case stated, and I quote, "...that a chain of events which demonstrates a previous condition of good health, an accident, and a subsequent condition of ill-being resulting in disability may be sufficient circumstantial evidence to prove a causal nexus between the accident and the...." Well, sure, that's well settled, unless there's some other reason for the condition of ill-being. That's true. And in this case, the commission believed Pruitt over Fisher. Tell us why they can't do that. Well, let me talk about Pruitt for a moment. Here's why I believe this court should overlook and disregard the evidence of Pruitt. Okay, number one, Pruitt abrived his opinion that the degree of trauma that she sustained was not sufficient to cause a tear. But Pruitt said, I think it's possible on the degree of trauma that a blunt trauma to the abdomen could cause a tear. And then Pruitt said that he thought she just stumbled backwards. Then Pruitt said that he admitted that the degree of trauma would be the deciding factor. In fact, he acknowledged that when she fell back, she would jolt her abdomen. He also admitted that she had abdominal pain. But here's what part of his basis of his opinion. He said she got better. She rode in the truck and drove for 68 hours. That's incorrect. The basis of his opinion should be stricken. His opinion should be stricken. Well, it wasn't. Let me go on just a moment. Was it stricken? Pardon? Was it stricken? It wasn't stricken. Well, then it stands. Okay, but let me go on further. It's stated that she drove, he stated she drove for 68 hours, that she got better. And here's the question I asked him. Here's the last question. Doctor, in looking at this whole scene, when the lady gets hurt and gets thrown back a number of feet after pulling a large bar, lands on her buttocks, develops immediate injury pain, and the pain is followed up in two days when she develops a chills and very serious condition which is associated with the infection. Do you feel that this is just all a coincidence? He says, yes, sir, I do. Now, is this a coincidence? Well, let's have to decide. He testified very clearly that diverticulitis, in this case, could not, could not be caused by a fall described by the claimant. Period. That's what he testified to. Correct? That is what he testified with the basis of what I say are the facts that should be stricken because they are not correct. It wouldn't make a difference. Did you move to have them stricken? I'm sorry? Did you move to have his testimony stricken? I think I objected to his question, yes. Did you move to have his testimony stricken because it was incompetent? I didn't. I just objected to it. There was no way that was overruled. What case earlier were you referring to that you said was a perforated colon case? It was the Holden Grant v. Hand Laundry. The accident of January 25, 1985. Well, in your points and authorities, do you cite that case? Is that a commission case? That's a commission case. Okay, well, the problem, as you know, is that it can't be cited. The reason I bring that case up, and it's in the transcript, but the Cook Rule is in there, and here's what I'm relying on. Well, diverticulitis is a condition. Is that a fair statement that it's a condition? Yes. You're not saying that this incident caused diverticulitis, isn't it? Your position probably that the fall, whether it's abdominal pressure or whether it's the trauma of the fall from the buttocks into the intestines, is it that it accelerated a perforation? Yeah, I think that's the theory of Dr. Fisher. If she had that verticulitis, it's a foreign material in the colon. It weakens it, and when she had this fall, it either caused it to tear or the abdominal pressure broke and perforated it, and that's what caused it. And, you know, that goes back to my argument that the chain of events demonstrates that she was in good health, she had an accident, and then she had the condition. And I believe the testimony of Dr. Pruitt should be ignored and should be stricken by the court because it's not based on the facts of the case. And furthermore, if you look at this rule in Cook v. Industrial Commission, it just makes total common sense that this had to be a connection. The way I look at this case is, you know, there is definitely a connection. We all know there's a connection. Everybody looking at this case knows there's a connection. But we got Dr. Pruitt coming in here saying, well, it's not enough trauma. She got better afterwards, and it's a coincidence. I submit to the court this is no coincidence, and I submit to the court I think what we're dealing with here is common sense. And if you look at the Cook rule, I believe the court can reverse this case based on that Cook rule. You say Pruitt was wrong in an error that she drove six to eight hours? Yes, she drove less than two hours when she passed out at the wheel and pulled the semi over. And that's when they had to call 911 and go right into the emergency room and do the emergency surgery. Well, she didn't drive immediately after the fall? No, she didn't drive for almost 20 hours. She sat in the back of the truck and never ate and never went to the bathroom or anything. So all I'm saying to you, if you look at the Cook case and the Cook rule, I believe the case should be reversed. This is like day and night, you know what I mean, to me. So I'll leave it up to the court, and I understand the manifest way to the evidence rule. I also understand that the courts can change when the evidence is clearly evident. And if you look at the Cook rule, it's pretty evident to me that there's a causal connection and Dr. Pruitt is incorrect and Dr. Barry Fisher, no matter what his credentials are, he testified in the prior case, and he should be honored in this case as giving a favorable opinion based on the facts that we know. Thank you. Thank you, counsel. Counsel? Please support Jeff Hipsch on behalf of the employer, Gary Klein. The decision of the commission and the arbitrator finding that Petitioner did not sustain accidental injuries and there was no causal connection between the fall in Wisconsin and the ruptured diverticulitis condition is correct and it should be confirmed. It's certainly not against the manifest way to the evidence. The commission as the finder of fact and in affirming the arbitrator's decision clearly did not believe Petitioner's testimony. She said she was unconscious for three days. There's no question that she had a perforated intestine. Right. Okay. What about his argument on this chain of events? Well, you know, she's okay. There's an accident involving the truck. She ends up in a hospital, operation, colostomy. Is this all a coincidence? Yes. And I think that makes more sense. He's a general surgeon, has been doing it for 30-some years, and it makes the most sense in this case. He's been doing what for 30-some years? Repairing ruptured diverticulitis trauma. So he deals with them after they're already ruptured, right? Yes. Okay. Well, we have a condition here as to what caused the rupture. Correct, but then it's experience. Diverticulitis is a condition that people can live with. Yes. It may or may not result in bacterial infection that destroys the lining and results in a rupture. Yes. So what we really have here is a condition, and the question is whether the condition was accelerated into a rupture through trauma. Correct. That's all this case rests on? Correct. But you're saying that the condition found her incredible as to what? Whether incident occurred? You can't necessarily believe her story. I'm sure that she probably did fall backwards and land on her buttocks. Okay. There's no doubt in my mind about that. But whether that caused any trauma to the abdomen, any pain in the abdomen, I don't think so. She goes to the emergency room. Her testimony was she was unconscious for three days, but they took a history. They say she was awake? Yes. Alert and oriented times three. So what does that have to do with the ultimate medical condition? As the finder of fact, they can choose not to believe the petitioner's story as to how she progressed to get to the hospital in Wyoming. Crude opines that her fall was not a causative factor in the development of perforated diverticulitis or peritonitis. Is that correct? Correct. Does this commission have to have anything more on the record in order to sustain its decision? No, they can't choose to believe which of the two opposing medical opinions they want. So if they chose to credit Dr. Fisher over Dr. Pruitt, you wouldn't be here? You would be here. Well, it's hard to say. I'm just remarking to somebody that I have more cases in the appellate court than I have ever had in my life, but I don't know why. No, which was in the province of the commission to believe one doctor over another. Correct. Correct. And the medical opinion would be there, and we probably wouldn't be appealing. You know, there was a credibility finding against Petitioner, too. And I would just note that the Holden Grant case, that was a direct trauma to the abdomen that aggravated it. Not a fall in the buttocks. Right. And do you believe that the credibility determinations made by the commission were focused squarely on two doctors? Was there anything about claimant's testimony and underlying reporting of histories to the physicians that bore on the commission's decision relating to credibility? There was a finding that Petitioner's testimony was not credible. Okay. So was there any significance to that finding in relation to the physicians' opinions? No. No. I think we rest on the medical opinion. And the decision of the commission should be confirmed. Okay. Thank you. Thank you, counsel. Counsel, you may reply. Mr. Deans, I might comment it would be helpful if you put the proper appendixes to your brief. We'd like copies of the decision of the commission, the decision of the arbitrator, the court order. None of it's in your brief. The rules require it. My only comment is that Holden Grant, well, first of all, in terms of credibility, we have a 59-year-old lady, never had a comp case in her life, never had no problems before. She's 5'2", weighs 110 pounds, pulling on the bar. Her son was a witness to all. He testified. It's unrebutted. In terms of the history, she went into the hospital. The records show that she was toxic. And the report was made to her employer the next day of the accident. So there's no issue here about whether this accident occurred or not, as serious as her condition. I simply go back to the rule of the Cook v. Industrial Commission where the chain of events demonstrates that this is apparent causation, coupled with Dr. that there is an accident that did occur and that injuries arose out of that accident in the form of this perforated colon, and that it should be compensable for the reason. Thank you, counsel, both, for your arguments in this matter. It will be taken under advisement. The written disposition will issue.